### A. MILTENBERGER v. W. L. BURGESS.

Where no attempt has been made by the vendee to sell or dispose of the property purchased without paying his vendor, or to conceal or cover the same, so as to defeat the latter's recourse thereon, the case does not fall within the purview of the 10th section of the Act of 1840.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*D. N. Hennen*, for plaintiff and appellant. *V. F. & J. B. Cotton*, for defendant.

VOORHIES, J. The fact of the defendant's indebtedness to the plaintiff is not denied ; but the latter contends that the judgment rendered below in his favor should have decreed the former's incarceration under the provisions of the Act of 1840, "abolishing imprisonment for debt." Sess. Acts 1840, p. 131.

The 10th section declares that, " If a debtor shall purchase property for cash, the delivery whereof shall be made to him, and then shall sell or dispose of the same without paying his vendor, or shall remove the same beyond the reach of such vendor, or shall conceal or cover the same in any manner, so that his vendor cannot render the same liable...... any of such facts shall be held presumptive evidence of fraud, liable, however, like all other presumptions, to be disproved." The following sections provide for the incarceration of the debtor, in order to compel him to pay the debt contracted under such circumstances.

As we concur with the District Judge in the appreciation of the facts it becomes unnecessary to decide whether the Act of 1840, " abolishing imprisonment for debt," be repealed by the Acts of 1855, " relative to forced and voluntary surrenders." The evidence does not show on the part of the defendant, any attempt to sell, or dispose of the property purchased, without paying his vendor, or to conceal or cover the same to defeat the latter's recourse. Had it not been for the loss of double the amount of the plaintiff's claim,—which loss was occasioned by the depreciation in the goods, the order given by the defendant to *Miltenberger* to pay himself out of the very proceeds, would have settled at once this controversy.

The defendant certainly did not comply with the obligations which he had honestly contracted ; but he did not commit a fraud in the sense of the statute.

Judgment affirmed.